# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CRAIG ALLEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:13-CV-2329 SNLJ-NAB |
| TROY STEELE, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Craig Allen's Motion for Extension of Time and Motion Requesting Leave to File Amended Petition. [Docs. 30, 31.] Respondent has not responded to either motion and the time to do so has now passed. For the following reasons, the Court will deny Petitioner's Motion Requesting Leave to File Amended Petition and grant Petitioner's Motion for Extension of Time.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year time limit for applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). Federal habeas proceedings initiated by state prisoners are governed by the Rules Governing Section 2254 Cases in the United States District Courts. *See* Rules Governing Section 2254 Cases in the United States District Courts. Habeas petitions may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242; *see also* Rule 12 Rules Governing Section 2254 Cases in the United States District Courts (federal rules of civil procedure, to the extent that they are not inconsistent with any statutory provisions or rules governing habeas cases, may be applied in habeas proceedings).

The Federal Rules of Civil Procedure state that the court should freely give leave to amend when justice so requires.[1] Fed. Rule Civ. P. 15(a)(2). "Claims in an amended habeas petition filed after the expiration of the one-year limitations period may not be considered if they do not "relate back" to the date of the original habeas petition." *Cross v. Russell*, No. 4:13-CV-316 ACL, 2014 WL 5514387 at *1 (E.D. Mo. Oct. 31, 2014). Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the conduct, transaction, or occurrence set out- or attempted to be set out- in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). In a habeas proceeding, the original pleading to which Rule 15 refers is a petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664. The United States Supreme Court has ruled that the relation back doctrine is not so broad as to allow the revival of claims filed outside of the one-year time limit of § 2244 based solely on the fact that they relate to the same trial, conviction, or sentence as a timely filed claim. *Id.* at 662.

In this case, Petitioner requests leave to add one claim. Petitioner's proposed additional Ground Thirteen states that Petitioner was denied due process of law, because the prosecutor failed to correct false statements made by witness Joe Wines; thereby presenting perjured testimony. At first glance, this claim appears to be similar to Petitioner's Ground Six of the original petition. But, these claims are distinct. In Ground Six, Petitioner asserts a claim of ineffective assistance of counsel for failure to impeach witness Joe Wines based on prior inconsistent statements. A claim of ineffective assistance of counsel is different than a claim

---

[1] Petitioner must seek leave from the Court to amend his petition, because a party may amend a pleading as a matter of course within 21 days after serving it or if a response is required, within 21 days after a responsive pleading. Fed. R. Civ. P. 15(a)(1). Petitioner filed his petition on November 18, 2013 and Respondent filed a response on May 26, 2014. Therefore, Petitioner is beyond the time limits for filing an amended petition without consent of Respondent or leave of court. Fed. R. Civ. P. 15(a)(2).

against a prosecutor offering perjured testimony.  *See McKay v. Purkett*, 255 F.3d 660, 661 (8th Cir. 2001) (amended complaint challenging conduct of counsel does not relate back to claims challenging conduct of trial court in post-conviction proceedings).  Therefore, the Court will deny Petitioner leave to file an amended petition adding this claim.

Petitioner also seeks an extension of time to October 23, 2015 to file his Reply Brief. Petitioner asserts that he has limited access to the law library and computers.  The Court will grant Petitioner's Motion for Extension of Time.

Accordingly,

**IT HEREBY ORDERED** that Petitioner's Motion for Extension of Time is **GRANTED**.  [Doc. 30.]

**IT IS FURTHER ORDERED** that Petitioner shall file his Reply Brief no later than **October 23, 2015**.

**IT IS FURTHER ORDERED** that Petitioner's Motion Requesting Leave to File Amended Petition is **DENIED**.  [Doc. 31.]

Dated this 22nd day of June, 2015.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE