UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CRAIG ALLEN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:13-CV-2329 SNLJ-NAB |
| CINDY GRIFFITH[1], | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER[2]**

This matter is before the undersigned on Petitioner's Motion Requesting Leave to Expand the Record. [Doc. 34.] Respondent has not filed a response to the motion and the time to do so has now passed.

"If a petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The judge may require that the materials be authenticated. Rule 7(b). "When a petitioner seeks to introduce evidence pursuant to this rule, the conditions prescribed by 28 U.S.C. § 2254(e)(2) must still be met." *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007). Section 2254(e)(2) provides that

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the

---

[1] During the pendency of the Petition, Cindy Griffith became the warden at Potosi Correctional Center where Petitioner is incarcerated. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent is the state officer who has custody. Therefore, the Clerk of Court is ordered to add Cindy Griffith as the Respondent and remove Troy Steele's name.

[2] This matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

> Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Federal courts may conduct evidentiary hearings and supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002).

In this case, Allen presents twenty-four exhibits for inclusion in the record. The undersigned has carefully reviewed Petitioner's claims, the exhibits presented by the Petitioner, and the state court record. Based on the undersigned's review of these materials, the undersigned finds that Petitioner has not met his burden for expansion of the record under Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2254(e)(2). Therefore, the undersigned will deny Allen's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion Requesting Leave to Expand the Record is **DENIED**. [Doc. 34.]

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Cindy Griffith in place of Troy Steele as Respondent.

Dated this 23rd day of October, 2015.

    /s/ Nannette A. Baker  
NANNETTE A. BAKER  
UNITED STATES MAGISTRATE JUDGE