UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRAIG ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:13-CV-2329-SNLJ |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This Court previously denied (#51) petitioner Craig Allen's petition for writ of habeas corpus (#1), and the case is now before the Court on petitioner's motion to alter or amend the judgment against him (#52). The motion is denied.

First, petitioner's motion—filed thirty days after judgment was entered—is untimely. Rule 59(e) of the Federal Rules of Civil Procedure instructs that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Here, judgment was entered on May 30, 2017, and petitioner filed his motion thirty days later, on June 29, 2017.

Second, petitioner's motion fails on the merits. This Court has broad discretion in ruling on a motion to alter or amend judgment, a motion meant to "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (*quoting Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "To prevail on a Rule 59(e) motion, the movant must

1

show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *Id.*

Petitioner asks this Court to reconsider his claim that trial counsel provided ineffective assistance of counsel by failing to call two witnesses that would have bolstered his self-defense theory. He asks the Court to consider "new evidence"—affidavits where the witnesses swear they were available and willing to testify at the time of trial and explain what their testimony would have been. In his habeas petition, petitioner failed to file these affidavits that show the witnesses would have testified. But Judge Baker still analyzed the substance of the witnesses' alleged testimony in her report and recommendation. On the merits, she found the alleged testimony would not have changed the outcome of the trial. (#44 at 14.) This Court still agrees with Judge Baker, for all the reasons explained in her report and recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend the judgment (#52) is **DENIED**.

Dated this __19th__ day of March 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE